UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 89 CR 908-12 |
| | ) | |
| WILLIAM DOYLE | ) | Judge Rebecca R. Pallmeyer |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant William Doyle, who is serving a life sentence for Racketeer Influenced and Corrupt Organizations ("RICO") Act violations, moves for compassionate release under 18 U.S.C. § 35821(c)(1)(A)(i). Because Doyle has not presented an extraordinary and compelling reason for a sentence reduction, the court denies Doyle's motion [6813] without prejudice. His motion for a default judgment [6821] is stricken.

## BACKGROUND

Mr. Doyle has a long and serious criminal history. In November 1988, a jury in the Cook County Circuit Court found Doyle and four co-defendants guilty of murdering Willie Bibbs in 1981. *People v. Fort*, 618 N.E.2d 445, 248 Ill. App. 3d 301 (1st Dist. 1993). For that crime, Doyle was sentenced to 55 years in Illinois state prison. *Id.* at 449, 248 Ill. App. 305. Doyle was also convicted on federal RICO charges, described below. Upon completion of his Illinois sentence on April 18, 2016, Doyle was taken into federal custody. (Doyle's IDOC Prisoner Movement History, Ex. 3 to Gov't Resp. [6824]; Doyle's BOP Public Information Inmate Data, Ex. 4 to Gov't Resp. at 3.)

Since 2016, Doyle has been serving a federal sentence for offenses related to his involvement in the El Rukn organization, a Chicago street gang. In October 1989, Doyle was named in three counts of a 38-defendant federal indictment. *United States v. Andrews et al.*, 89 CR 908. Counts One and Two alleged conspiracy and substantive RICO violations under 18 U.S.C. § 1962(c)–(d), including predicate acts of murder, attempted murder, conspiracy to

murder, and narcotics offenses. Count Three charged Doyle with a narcotics conspiracy, in violation of 21 U.S.C. §§ 841 and 846. Doyle was tried twice on these charges: he was convicted on all counts by a jury on August 29, 1991 [1647, 1648], but the district court ordered a new trial after hearing reports of prosecutorial misconduct [3256]. On March 22, 1995, the second jury trial also ended in a guilty verdict. In a special verdict, the second jury found that Doyle committed ten racketeering acts, including two murders, three conspiracies to murder, three attempted murders, and three drug crimes[1] [4020]. Judge Conlon of this court sentenced Doyle to life in prison on Count Three and to two concurrent twenty-year sentences on Counts One and Two [4196]. That federal sentence runs consecutively to his state term of imprisonment. *See* 18 U.S.C. § 3584. After his federal sentencing, Doyle returned to the custody of the Illinois Department of Corrections to serve the balance of his Illinois sentence for the Bibbs murder. (Doyle's BOP Public Information Inmate Data, Ex. 4 to Gov't Resp. at 3.) Doyle appealed his federal conviction, but not his federal sentence, and the Seventh Circuit affirmed. *Doyle*, 121 F.3d at 1081.

Mr. Doyle now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). That statute requires Doyle to exhaust his administrative remedies before the court may rule on his motion. The parties agree that Doyle has done so here.[2] In his motion, Doyle argues that his rehabilitation, along with disparities between his sentence and the sentences of other defendants whom he believes are similarly situated, present extraordinary and compelling reasons for a

---

[1] One of the acts included both murder and attempted murder of separate individuals.

[2] On March 10, 2022, Doyle submitted a Reduction in Sentence Application to the warden at the facility where he resides, apparently on the basis that he had a recent biopsy for prostate cancer (which was negative). (Ex. 5 to Gov't Resp.) On May 13, 2022, the warden denied his response, and Doyle received notice of the denial on May 18. (*Id.*) Since more than 30 days have elapsed since Doyle filed his application with the warden, he has exhausted his administrative remedies.

sentence reduction in his case.[3] (*See* Def.'s Mot. [6813].) He further argues that the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. The government responds that Doyle has not established "extraordinary and compelling reasons" that warrant consideration of a sentence reduction, and, even if he had met that threshold requirement, the seriousness of Doyle's crimes, along with other § 3553(a) factors, militate strongly against a sentence reduction or release. (*See* Gov't Resp. [6824].)

## DISCUSSION

As a general matter, a federal court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), but the law gives the court power to order a prisoner's early release if "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Either a prisoner himself or the Director of Bureau of prisons may file a compassionate release motion. *Id.* When, as here, a prisoner files the motion, the court's review "involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The kind of "extraordinary and compelling" circumstances contemplated by § 3582(c)(1) would include "some new fact about an inmate's health or family status, or an equivalent post-conviction development, [but] not a purely legal contention for which statutes specify other avenues of relief." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023). If the motion does not present an extraordinary and compelling reason to justify release, the court need not address the § 3553(a) factors. *See United States v. Newton*, 37 F.4th 1207, 1210 (7th Cir. 2022).

On this record, Doyle has not presented an extraordinary and compelling reason for a sentence reduction. Doyle does not contend, and the record does not show, that Doyle suffers

---

[3] Doyle has also filed a motion for default judgment against the government in relation to his motion for compassionate release [6821]. Because the government has now responded, the court will hear the motion on the merits and strike Doyle's July 21, 2022 motion.

3

from a medical condition that would justify his release.[4] *See* U.S.S.G. § 1B1.13, cmt. n. 1; *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); Def.'s Reply [6844] at 3 (Doyle asserts that he "never argued that his 'Extraordinary and Compelling Reasons' had anything to do with medical reasons"). Instead, Doyle argues that the disparity between his and others' sentences, coupled with his rehabilitation, presents a compelling and extraordinary reason for a sentence reduction.

Doyle's arguments are non-starters. Doyle contends, first, that his federal sentence should run concurrently with his state sentence under Sentencing Guideline 5G1.3(c) (Def.'s Mot. at 10–11) and second, that the disparity between his sentence and that of Trammell Davis, another former El Rukn member, warrants a sentence reduction (*Id*. at 11–16). In *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022), the court stated that § 3582(c)(1)(A) affords discretion to courts under a framework distinct from the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions. Following *Thacker*, in *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021), the Seventh Circuit held that a prisoner may not use the compassionate release statute to challenge a sentence on grounds that the defendant could have raised on direct appeal. The Seventh Circuit reaffirmed these holdings in *United States v. Brock*, 39 F.4th 462, 464 (7th Cir. 2022), agreeing with the court below that "the compassionate release statute could not be used as a

---

[4] The court notes that, on this record, Doyle appears to be in good health. Doyle has taken hypertension medication since 1983 and is fully vaccinated against COVID-19. (Ex. 6A to Gov't. Resp. at 1–4, 13–32, 50–54, 80; Ex. 6B to Gov't Resp. at 1–3, 8–9, 27–29, 32–37, 40–46; Ex. 6F to Gov't Resp. at 5–8, 12–14, 59; Ex. 6G to Gov't Resp. at 17–25; Ex. G to Gov't Resp. at 16, 37.) Due to his vaccinations, under Seventh Circuit law, Doyle's risk of contracting COVID-19 does not present a compelling and extraordinary reason for release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). At times, Doyle takes pain medication and uses a wheelchair due to mild degenerative osteoarthritis in his neck, back, and left hip. (Ex. 6A to Gov't Resp. at 64; Ex. 6F to Gov't Resp. at 5–8, 12–14; Ex. 6G to Gov't Resp. at 4, 33–35.) Doyle also had six areas of his prostate biopsied in September 2021, and all six samples were negative for cancer. (Ex. 6B to Gov't Resp. at 15–19; Ex. 6F to Gov't Resp. at 1–2, 97–108, 113–15, 120–24; Ex. 6G to Gov't Resp. at 6, 11–13, 17–25.)

path to a sentence reduction based on a position available to defendants during plea negotiations or trial, direct appeal, or in a post-conviction motion under 28 U.S.C. § 2255 challenging a sentence." Doyle's argument for a concurrent sentence could have been raised at the time he was sentenced.

Likewise his disparity challenge; Davis, the El Rukn member Doyle describes, served only two years in prison; but this court notes that the disparity is likely explained by the fact that Davis was arrested on conspiracy changes and began cooperating with the government three years before Doyle's federal indictment, and ultimately pleaded guilty to crimes that did not include murder. (*Id*. at 11.) [5] In any event, the Seventh Circuit has held that such a disparity argument does not support a motion for compassionate release. Put plainly, Doyle's arguments about the length of his sentence and its comparison to other offenders do not qualify as extraordinary and compelling reasons for release.

Doyle's next argument fails for much the same reason. Doyle asks the court to consider *United States v. Redd*, 444 F. Supp. 3d 717, 718 (E.D. Va. 2020) and cases that have adopted *Redd*'s analysis to find that his sentence is unwarranted in comparison to the one he would receive, were he sentenced today. (Def.'s Mot. at 18–19.) To assess whether the defendant in that case presented an extraordinary and compelling reason for a sentence reduction, the court considered "the sentence he received relative to the sentence he would now receive for the same offense, whether and to what extent there is a disparity between the two sentences, and why that disparity exists." *Id.* at 722–23. This court, however, is not bound by *Redd* but instead by Seventh

---

[5] Doyle notes that Judge Conlon remarked on the "extraordinary sentencing disparities" that can arise as the result of plea bargaining. (Def.'s Mot. at 13–14.) Although the word "extraordinary" appears in Judge Conlon's discussion, disparate sentences for different members of the same criminal organization are not the kind of "extraordinary and compelling reason" that justifies compassionate release. *See Von Vader*, 58 F.4th at 371 (providing as examples of extraordinary and compelling circumstances "an inmate's health or family status"). Whatever differences there may be between Doyle's sentence and those of other former El Rukn members (several of whom are still serving life sentences), those disparities do not present an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1).

Circuit law. As already discussed, under the law of this circuit, changes in sentencing law are not extraordinary and compelling reasons for compassionate release, and a motion for compassionate release is not the proper way to remedy a potential error in the original sentence. *See Thacker*, 4 F.4th at 574; *Martin*, 21 F.4th at 946; *see also United States v. Arojojoye*, 806 F. App'x 476, 477–78 (7th Cir. 2020) (rejecting the argument that unwarranted sentence disparities constitute "extraordinary and compelling" reasons to justify compassionate release or a sentence reduction). *Redd* does not comport with Seventh Circuit law and is inapplicable here.[6]

Finally, Doyle argues that he has been rehabilitated, and that his low risk of recidivism warrants a sentence reduction. Doyle acknowledges that rehabilitation alone cannot justify early release. (Def.'s Mot. at 7 (citing 28 U.S.C. § 994(t).) *See also United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). He rather contends that his rehabilitation and sentencing disparities taken together create an extraordinary and compelling reason. As discussed above, however, the sentencing disparities Doyle points to do not qualify as an extraordinary and compelling reason for his release, with or without consideration of his rehabilitation.

Because Doyle has not presented an extraordinary and compelling reason for a sentence reduction, Doyle's motion fails at Step One of the court's review. It is therefore unnecessary for the court to address whether the § 3553(a) factors support his motion at Step Two. If Doyle presents an extraordinary and compelling reason for release in a future motion, the court will weigh the § 3553(a) factors at that time.

## CONCLUSION

For the reasons discussed above, the court denies Doyle's motion without prejudice.

---

[6] Even if *Redd* were to apply, the court notes that—considering Doyle's special verdicts for several murders, murder attempts, and murder conspiracies—no significant disparity exists between the sentence Doyle would receive today and the life sentence he is now serving.

ENTER:

Dated: March 1, 2023

_____
REBECCA R. PALLMEYER
United States District Judge

7